United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAROLD L. GOLDBERG, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:21cv3112 |
| § | |
| CHUBB LLOYD'S INS. CO. OF TEXAS § | |
| *Defendants*. § | |
| § | |

## MEMORANDUM AND RECOMMENDATION

This case involving insurance coverage is before the Court on Plaintiff's Motion to Remand.[1] ECF 8. Having reviewed the parties' submissions and the law, the Court RECOMMENDS that the motion be DENIED.

### I. Procedural Background

On August 12, 2021, Plaintiff Harold L. Goldberg filed an Original Petition in district court in Harris County, Texas naming Chubb Lloyd's Insurance Company of Texas as Defendant in a dispute related to Hurricane Harvey property damage. ECF 1-2. The Original Petition alleges Plaintiff is a resident of Harris County, Texas. *Id.* at 1. The Original Petition alleges that Defendant Chubb is "a domestic insurance company authorized to engage in the business of insurance in the State of Texas" that is subject to service on its registered agent. ECF 1-2 at 2. After service, Chubb timely removed the action to federal court based on diversity jurisdiction. ECF 1. The Notice of Removal

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 14.

asserts Chubb "is an unincorporated association whose citizenship, for purpose of diversity jurisdiction under 28 U.S.C. § 1332, is solely determined by the citizenship of each of its members," and is comprised of ten individual members, none or whom is a citizen of Texas. ECF 1 at 2. Plaintiff moves to remand the case to state court arguing that this Court lacks subject matter jurisdiction. ECF 8.

## II. Legal Standards

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997) (citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Diversity jurisdiction exists where (1) "the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs" and (2) the dispute is between "citizens of different states." 28 U.S.C. § 1332(a). The Court determines the amount in controversy from the face of the state court Petition or by considering facts and evidence submitted in support of jurisdiction that establish the amount in controversy at the time of removal. *Manguno*, 276 F.3d at 723. Complete diversity requires that all parties on one side of the case be citizens of different states that all parties on the other side. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). The citizenship of an unincorporated association is determined by the citizenship of each member. *Id.* (citing *Carden v. Arkoma*

2

*Assocs.*, 494 U.S. 185, 195-96 (1990)); *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (holding that the citizenship of an unincorporated association is determined by its members, and the members of a Lloyd's group insurance association are the underwriters alone).

### III. Federal diversity jurisdiction exists in this case.

Plaintiff argues that the language in the Original Petition stating that the case involves "a claim for monetary relief of $250,000 or less," plus attorney's fees should not be "construed as jurisdictional under federal law." ECF 8 at 9. Plaintiff also argues Chubb is a citizen of Texas for diversity purposes because it conducts insurance business in Texas and is subject to personal jurisdiction in the state. As set forth below, the Court finds the jurisdictional requirements set forth in 28 U.S.C. § 1332(a) regarding the amount in controversy and complete diversity are met in this case.

### A. The minimum amount in controversy requirement is met.

The Original Petition does not allege a specific monetary demand but only that Plaintiff seeks less than $250,000. Therefore, the removing party must establish the amount in controversy by a preponderance of the evidence and the Court may consider "summary judgment type evidence." *Manguno*, 276 F.3d at 723. To meet its burden, Defendant has submitted the August 18, 2021 demand letter from Plaintiff's counsel itemizing the damages to Plaintiff's property and seeking payment of $94,152.16 for the loss that forms the basis of Plaintiff's claim in this case. ECF 10-1 at 4-6. In addition, Plaintiff seeks attorney's fees pursuant to Texas Civil Practices and Remedies Code §§ 38.001-38.003. ECF 1-2 at 3. Where a state statute provides for attorney fees, the fees are

included as part of the amount in controversy. *Manguno*, 276 F.3d at 723. Defendant has met its burden to establish that the amount in controversy required for diversity jurisdiction is met in this case.

### B. The complete diversity of citizenship requirement is met.

"For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members." *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citing *Carden v. Arkoma Assocs.*, 110 S.C.t 1015, 1021 (1990)). Defendant Chubb is a Texas Lloyd's Company. ECF 8-1 at 1. A Texas Lloyd's Company is an unincorporated association whose citizenship is determined by that of its member underwriters. *See Royal Ins. Co. of Am*, 3 F.3d at 882-83 (looking "only to the citizenship of the [Royal Lloyd's of Texas] underwriters to determine whether diversity jurisdiction exists"); *Poling v. Chubb Lloyds Ins. Co. of Texas*, No. A-05-CA-253 LY, 2005 WL 8155233, at *3 (W.D. Tex. June 13, 2005), report and recommendation adopted, No. A-05-CA-253-LY, 2005 WL 8155232 (W.D. Tex. Oct. 5, 2005) (determining citizenship of "Chubb Lloyds Insurance Company of Texas" based on the citizenship of each member-underwriter); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) (holding that "the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters"). Chubb's Notice of Removal alleges that it is comprised of 10 individual members: four residents of New Jersey; three residents of New York; two residents of Pennsylvania; and one resident of Connecticut. ECF 1 at 2. Furthermore, Defendant affirmed in its Disclosure of Interested Parties that is it an unincorporated association and

4

that none of its members is a citizen of Texas. ECF 7. Plaintiff does not dispute that Chubb is an unincorporated association, nor does he challenge the citizenship of Chubb's members.

Plaintiff argues this case should be remanded for lack of subject matter jurisdiction because: (i) Defendant is licensed by the state of Texas to sell insurance in Texas;[2] (ii) Defendant is subject to personal jurisdiction in Texas; (iii) Plaintiff's claims are governed by Texas law, and (iv) the damaged property is located in Texas. *See* ECF 8. All of Plaintiff's arguments relate to the issue of personal jurisdiction and not to the citizenship of the Defendant or to the existence of subject matter jurisdiction under 28 U.S.C. § 1332. Therefore, Plaintiff's arguments are irrelevant to the determination of subject matter jurisdiction.

Defendant has shown by a preponderance of the evidence that, for purposes of diversity jurisdiction, Chubb is a citizen of New Jersey, New York, Pennsylvania, and Connecticut. Plaintiff is citizen of Texas. Therefore, the Court concludes that Defendant Chubb has met its burden to establish complete diversity of citizenship among the parties.

### III.   Conclusion and Recommendation

Diversity jurisdiction under 28 U.S.C. § 1332 is dependent upon the citizenship of the parties and the amount in controversy. For the reasons stated above, the Court finds the parties are in complete diversity and the amount in controversy exceeds $75,000.

---

[2] Defendant objects to consideration of Plaintiff's Exhibit B (ECF8-2), which Plaintiff describes as "Chubb's Company License Information," (ECF 8 at 7), for the determination of the remand motion because the exhibit is unauthenticated, misleading, confusing, and irrelevant (ECF 10 at 4). The objection is SUSTAINED because the exhibit is relevant to neither Chubb's citizenship, nor to the amount in controversy.

Therefore, the Court RECOMMENDS that Plaintiff's Motion to Remand (ECF 8) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 21, 2022, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge