Case 4:21-cv-03112   Document 27   Filed on 06/27/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
June 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAROLD L. GOLDBERG, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>CHUBB LLOYD'S INS. CO. OF TEXAS §<br>*Defendants*. §<br>§ | CIVIL ACTION NO.: 4:21cv3112 |

## MEMORANDUM AND RECOMMENDATION

This insurance dispute is before the Court on Defendant Chubb Lloyd's Insurance Company of Texas's Motion for Summary Judgment (Limitations).[1] ECF 11. Having considered the parties' submissions and the law, the Court recommends that the motion be GRANTED.

**I.     Background**

Defendant Chubb issued homeowner's policy no. 13181328-01 (the Policy), effective February 15, 2017, for Plaintiff's house at 4810 Tamarisk Street, Bellaire, Texas 77401 (the Property). ECF 11-3. The Property was damaged by Hurricane Harvey in August 2017 and Plaintiff filed a claim under the Policy. *See* ECF 1-2 at 2; ECF 11 at 2; ECF 15 at 3. On November 5, 2017, Chubb settled the claim, paying Plaintiff $34,890.45 and denying payment in the amount of $9,350.00 in order to satisfy the deductible. ECF 11-4; ECF 16-2. At the time of the claim settlement, the claim specialist informed Plaintiff:

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 14.

"Please let me know if you have any questions about our settlement figures and provide any additional estimates you may receive for damage related repairs prior to beginning the restoration." *Id.* Chubb's business records indicate it closed the claim on November 8, 2017 and notified Plaintiff of the closure through its Customer Portal. ECF 11-5. Plaintiff denies receiving any notice that Chubb closed his claim. ECF 16, ¶3. It is undisputed that Plaintiff did not contact Chubb again until sometime after May 20, 2021, when Plaintiff sought payment for additional repairs to the Property's stucco façade. ECF 16, ¶5. Chubb has not paid Plaintiff's demand for additional payment.

Plaintiff filed suit in Texas state court on August 12, 2021, alleging:

> As a result of [Hurricane Harvey], Plaintiff's house suffered considerable damage and, subsequently, Plaintiff filed a claim on his Policy with Defendant. After filing his claim, Plaintiff and Defendant entered into negotiations regarding the damages to the house, and, ultimately, Defendant made some payment. However, Plaintiff and Defendant were unable to agree regarding certain damages to the house and, as a result, the claim has not been finally resolved.

ECF 1-2 at 2. Plaintiff's Original Petition asserts causes of action for breach of contract and breach of the duty of good faith and fair dealing. ECF 1-2. Chubb removed the case to this federal court based on diversity jurisdiction. ECF 1. After the Court denied Plaintiff's Motion for Remand (ECF 20, 21), Chubb filed a Motion for Summary Judgment arguing Plaintiff's breach of contract and breach of duty claims are time-barred.

**II.    Summary judgment standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues

of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).  Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party.  *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).  "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).  If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor.  *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).  In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence."  *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987).  However, "[c]onclu[sory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."  *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Evidentiary Objections

As a preliminary matter, the Court addresses the parties' objections to the summary judgment evidence.  ECF 15 at 2; ECF 19 at 1-3.  Plaintiff's objections to Defendant's summary judgment evidence are OVERRULED.  Specifically, Plaintiff's objection that

the Declaration of Todd Marunas (ECF 11-2) fails to provide a reason for denial of coverage is irrelevant because whether coverage existed under the policy is not an issue before the Court on summary judgment. The Marunas Declaration merely authenticates Defendant's Exhibits as business records. Next, Plaintiff's objection on hearsay grounds to the computerized claim file (evidencing that Chubb closed the file on November 8, 2017 and gave notice of the closure through the "customer portal") (ECF 11-5) is overruled. As a "business record" per the Marunas Declaration, the claim file is an exception to the hearsay rule. FED. R. EVID. 804(6). Plaintiff's Declaration that he did not *receive* the notice of the closure, assumed to be true for purposes of summary judgment, does not affect the admissibility of Chubb's business record.

Defendant's objection to the Unsworn Declaration of Harold L.Goldberg (ECF 16) is OVERRULED because the specific statements to which Defendant objects— even if ambiguous, conclusory, or hearsay (as to the contents of the attached report)—are not necessary for or dispositive of the limitations issue before the Court.

**IV. Analysis**

Because Chubb's motion is based on the affirmative defense of the statute of limitations, Chubb bears the burden to prove each element of the defense. *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) ("When a party seeks summary judgment pursuant to an affirmative defense, such as a statute of limitation, the movant must establish all of the elements of the defense."). For purposes of summary judgment, Chubb does not contest coverage under the Policy (ECF 11), and Plaintiff does not contest that a two-year limitations period applies to both the breach of contract and breach of duty claims (ECF

4

15).[2] Thus, the sole issue before the Court is whether Plaintiff filed this lawsuit more than two years after his causes of action accrued.

Chubb argues that Plaintiff's causes of action accrued in November 2017 when Chubb partially paid and then closed the claim. Plaintiff argues that his causes of action accrued in August 2021, when Chubb rejected Plaintiff's demand for "additional benefits." ECF 15 at 4. Plaintiff's bases his accrual argument on two distinct theories: (1) Chubb's November 2017 decision was not final and his demand for additional benefits in August 2021 restarted the limitations period; and (2) the discovery rule applies to defer the accrual of his causes of action until May 2021.

### A. Plaintiff's causes of action accrued no later than November 8, 2017, when Chubb closed the claim file.

When a cause of action accrues is generally a question of law. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). "As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Id.* This is known as the "legal injury rule." *See Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App.—San Antonio 2001, pet. denied) (holding the legal injury rule provides the accrual date for a cause of action unless it is "inherently undiscoverable" or not discovered due to fraud or fraudulent concealment).

---

[2] Although the statute of limitations on a breach of contract claim under Texas law is generally four years, the Policy contains a two-year plus one day contractual limitations provision which is valid and enforceable in Texas. ECF 11-3 at 24; *Nicol v. Allstate Texas Lloyds*, No. 7:15-CV-236, 2015 WL 12552013, at *3 (S.D. Tex. Aug. 26, 2015) (holding that "parties may contract for a . . . limitations period [that is shorter than the four-year limitations for breach of contract], so long as the period is no shorter than two years from the date of accrual."). The statute of limitations on a claim for breach of the duty of good faith under Texas law is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 827 (Tex. 1990).

In the first-party insurance context, a cause of action generally accrues when the insurer denies a claim. *Knott*, 128 S.W.3d at 221. For limitations purposes, the denial of coverage occurs on the date of the written notice of denial or the date the claim file is closed. *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 409 (5th Cir. 2016) (following "the weight of authority in Texas holding that closing a claim file constitutes an outright denial of coverage and triggers the limitations period."). An insured's cause of action against his insurer accrues upon closure of the claim file even if the insurer later reopens the claim file and considers an additional request for payment. *Id.*; *Smith v. Travelers Cas. Ins. Co. of Am.*, No. CV H-16-1527, 2018 WL 3369683, at *4 (S.D. Tex. July 10, 2018) (closure of a claim file indicates an outright denial which starts the limitations period even if the insurance company later reopens the claim file to consider additional evidence).

Plaintiff argues the date of accrual of his claims presents a fact question because there was no "outright" denial of his claim. (ECF 15 at 8). To the contrary, Chubb's closure of the claim file on November 8, 2017 was "an objectively verifiable event that unambiguously demonstrated [Chubb's] intent not to pay the claim, even if the fact of injury [was] not discovered until later." *Kuzniar*, 52 S.W.3d at 760. The Court notes the district court in *Nicol v. Allstate Texas Lloyds*, No. 7:15-CV-236, 2015 WL 12552013, *2 (S.D. Tex. Aug. 26, 2015) made a similar holding, stating the claim in that case accrued "when Allstate finally settled, paid, and closed the policy claim—all objectively verifiable [actions] that unambiguously demonstrated Allstate's disputed coverage decision."

The language in Chubb's November 5, 2017 email inviting Plaintiff to "provide any additional estimates you may receive for damage related repairs prior to beginning the

6

restoration" does not preclude the causes of action from accruing on November 8, 2017 when the claim file was closed. *See Pace v. Travelers Lloyds of Texas Ins. Co.*, 162 S.W.3d 632, 634 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (letter stating "[i]f you have additional information that you feel may have an impact on this coverage decision or should you have any questions concerning this claim please forward same to me" was unambiguous denial that triggered running of limitations); *Bustos v. Lloyds*, No. 4:19-CV-04812, 2020 WL 5745823, at *3 (S.D. Tex. July 13, 2020) (insurance company's letter leaving open the possibility insurer would consider new information does not imply the decision is not final). An insurer's willingness to revisit a claim or change its position does not negate a prior denial unless the insurer withdraws the denial or changes its decision by making further payments. *Bustos*, 2020 WL 5745823, at *3. This case differs from *Pena v. State Farm Lloyds*, 980 S.W.2d 949 (Tex. App.—Corpus Christi-Edinburg 1998) because Chubb never authorized additional payments after the November 5, 2017 payment, never indicated that its investigation of the claim was continuing, and did not "effectively reconsider" its initial decision. *See Smith*, 2018 WL 3369683, at *5 (distinguishing *Pena* because the defendant in *Smith* never reconsidered its initial denial).

The Court concludes that Chubb's November 5, 2017 settlement of Plaintiff's claim followed closely by its closure of the claim file on November 8, 2017 establish as a matter of law that Plaintiff's claims against Chubb accrued no later than November 8, 2017, and thus his lawsuit filed on August 12, 2021 is time-barred.

### B. The discovery rule does not apply in this case.

Plaintiff argues that his claim did not accrue until May 2021 because he did not discover his additional damages until that date, citing *Davis v. Aetna Cas. & Sur. Co.*, 843 S.W.2d 777, 778 (Tex. App. 1992, no writ). ECF 15 at 7-8. Texas law recognizes that the "discovery rule" will defer the accrual of a cause of action "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929-30 (Tex. 2011). "An injury is not inherently undiscoverable when it is the type of injury that could be discovered through the exercise of reasonable diligence." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011). Whether an injury is "inherently undiscoverable" is a legal question. *Shell Oil Co.*, 356 S.W.3d at 930.

The injury-producing event in a first-party insurance case is the denial of a claim. *Davis*, 843 S.W.2d at 778. The closure of Plaintiff's claim file on November 8, 2017 was not "inherently undiscoverable" by Plaintiff. To the extent Plaintiff is arguing the damage to his stucco façade was "inherently undiscoverable," he has not presented any evidence or argument showing he could not have discovered the stucco damage prior to the expiration of limitations through the exercise of due diligence. Plaintiff's Declaration states only that he was not aware of the additional damage in November 2017, and that he obtained an Invasive Stucco Inspection Report from Hedderman Services on May 6, 2021. ECF 16, ¶¶ 3-4. He offers no explanation for failing to obtain an expert inspection prior to May 6, 2021. Because the record lacks any evidence to support the conclusion that Plaintiff's injury was "inherently undiscoverable," the discovery rule does not apply and cannot defer

8

the accrual of Plaintiff's causes of action for breach of contract and breach of the duty of good faith and fair dealing.

## IV. Conclusion, Recommendation, and Order

For the reasons discussed above, the Court RECOMMENDS that Chubb's Motion for Summary Judgment (Limitations) be GRANTED and this case be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 27, 2022, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge